```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


THOMAS E. PEREZ,                    )
SECRETARY OF LABOR,                 )
UNITED STATES DEPARTMENT OF LABOR,  )
                Plaintiff,          )   CIVIL ACTION FILE
                                    )   NO. 2:14-cv-2412
     v.                             )
                                    )
CHINA GARDEN, INC. d/b/a CHINA      )
GARDEN BUFFET and YONG LIN,         )
Individually,                       )
                Defendants.         )
```

COMPLAINT

Plaintiff brings this action to enjoin Defendants from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid minimum wages and overtime compensation owing for Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act, and by 28 U.S.C. § 1345.

II

Defendant China Garden, Inc. d/b/a China Garden Buffet is a Kansas corporation that operates a Chinese buffet

restaurant with its principal place of business located at 7016 Antioch Road, Merriam, Kansas within the jurisdiction of this Court.

III

Defendant Yong Lin is the President, Director, and Resident Agent of Defendant China Garden, Inc. and acts directly or indirectly in the interest of Defendant China Garden, Inc. in relation to its employees.  Defendant Yong Lin is responsible for the hiring, firing, and pay practices at the restaurant.

Defendant Yong Lin was also the President, Director, and Resident Agent of China Gardent [sic] Buffet, Inc., the Kansas corporation that previously operated this China Garden Buffet restaurant.  Defendant Yong Lin also acted directly or indirectly in the interest of China Gardent Buffet, Inc. in relation to its employees.

IV

The activities of Defendants referred to in paragraphs II and III were, and are, related and performed through unified operation or common control for a common business purpose, and have, since, constituted an enterprise within the meaning of section 3(r) of the Act.

V

Since December, 2011, said enterprise has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved

2

in or produced for commerce by any person; an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined in section 3(s)(1)(A) of the Act.

VI

Defendants China Garden, Inc. and Yong Lin have violated and are violating the provisions of sections 6 and 15(a)(2) of the Act by failing to pay to certain employees, for their employment in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 after July 23, 2009.  Employees worked more than 70 hours per week on average.  Servers worked for tips only.  Kitchen workers were paid a salary of $1,500 a month on average.

VII

Defendants China Garden, Inc. and Yong Lin have violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing certain employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours since December, 2011, without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.  Employees worked more than 70 hour per week on average.  Servers, who worked for tips

only, received no overtime compensation.  Kitchen workers, who were not exempt from overtime, were paid salaries of $1,500 per month on average, which did not include an overtime premium.

VIII

Defendants, employers subject to the provisions of the Act, have violated and are violating the provisions of sections 11(c) and 15(a)(5) of the Act, in that since December, 2011, Defendants have failed to make, keep, and preserve adequate and accurate records of Defendants' employees and of the wages, hours, and other working conditions and practices of employment maintained by Defendants, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act in that the records kept by Defendants failed to show, among other things, the hours worked each work day and each workweek, the regular rate of pay, the total straight time and overtime earnings for each workweek, and total additions to or deductions from wages paid each pay period, with respect to certain of Defendants' employees.

IX

Defendants China Garden, Inc. and Yong Lin have repeatedly and willfully violated and are violating the provisions of the Act as alleged in paragraphs VI, VII, and VIII above.  A judgment permanently enjoining and

restraining the violations herein alleged is specifically authorized by section 17 of the Act.

X

As a result of the violations alleged in paragraphs VI, VII, and VIII above, amounts are owing for certain present and former employees, including those persons specifically named in Appendix A attached to Plaintiff's complaint for the period from December 4, 2011 through November 20, 2013.

Inasmuch as the violations are continuing, additional amounts are accruing since November 20, 2013, for certain of these employees and for employees who are presently unknown to Plaintiff in amounts presently unknown to Plaintiff.

A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown:

Plaintiff prays judgment, pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Act.

Plaintiff further demands judgment, pursuant to section 16(c) of the Act, against Defendants for unpaid minimum

wages and overtime compensation found by the Court to be due for Defendants' present and former employees, and for an equal additional amount as liquidated damages.

Should the Court decline to award said liquidated damages, Plaintiff further demands the award of interest on said unpaid amounts from the date said unpaid amounts became due, until date of judgment.

    Thomas E. Perez
    Secretary of Labor

    M. Patricia Smith
    Solicitor of Labor
    Connecticut Bar #371708

    Christine Z. Heri
    Regional Solicitor
    IL Bar #6204656

    H. Alice Jacks
    MO Bar #24482
    Associate Regional Solicitor

    <u>s/Traci Martin</u>
    Traci Martin
    KS Bar #24284
    Attorney

    2300 Main, Suite 1020
    Two Pershing Square Building
    Kansas City, MO   64108
    (816) 285-7260
    (816) 285-7287 (fax)

    U.S. Department of Labor

    Attorneys for Plaintiff