# THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

R. Alexander Acosta,
Secretary of Labor,
United States Department of Labor,

      Plaintiff,

v.                                                        Case No. 14-2412-JWL

China Garden, Inc. d/b/a
China Garden Buffet; and
Yong Lin,

      Defendants.

## MEMORANDUM & ORDER

The Secretary of the United States Department of Labor filed suit against defendants in August 2014 alleging that defendants failed to comply with the overtime and minimum wage requirements of the Fair Labor Standards Act. Defendants answered the complaint, but counsel for defendants was permitted to withdraw in August 2015 after satisfying the requirements of Local Rule 83.5.5(a). Judge O'Hara directed substitute counsel to enter an appearance and cautioned the corporate defendant that it could not appear "pro se" and was required to obtain counsel. Before the deadline to secure new counsel, the Secretary moved to stay the case pending the investigation and potential prosecution of criminal charges against Mr. Lin. Judge O'Hara granted the stay in September 2015.

On December 3, 2018, Judge O'Hara granted the Secretary's motion to lift the stay and set a status conference for December 14, 2018. Judge O'Hara cautioned defendants that if they failed to appear at the conference, in person or through counsel, the court would favorably

entertain a motion for default judgment under Federal Rule of Civil Procedure 16(f)(1)(A). Neither defendant appeared, in person or through counsel. The Secretary then filed this motion—a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

Within a week of the filing of that motion, new counsel entered an appearance on behalf of both defendants and filed a response to the motion for default judgment. In that response, counsel for defendants explains that Mr. Lin is incarcerated, that counsel recently met with Mr. Lin with the aid of an interpreter, and that counsel conducted an on-site investigation of the corporate defendant. Counsel for defendants asserts his belief that there are meritorious defenses to the claims in the complaint and urges that he will be fully engaged in the processing of this case. Counsel has further explained that Mr. Lin did not appear at the scheduling conference because of his incarceration and that he did not adequately delegate any of his responsibilities with respect to the corporate defendant. According to counsel, Mr. Lin has now authorized his sister, who does not speak English, to handle all administrative and legal matters on behalf of the corporate defendant. The Secretary has not filed a reply to defendants' response.

The motion for default judgment is denied. To begin, the Secretary's motion is expressly brought pursuant to Rule 55(b)(2) despite Judge O'Hara's direction to file the motion pursuant to Rule 16(f). Federal Rule of Civil Procedure 55 envisions a two-step process for obtaining a default judgment. *Meyers v. Pfizer, Inc.*, 581 Fed. Appx. 708, 710 (10th Cir. 2014). First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting "by affidavit or otherwise" that the clerk enter default on the docket. *Id.*; Fed. R. Civ. P. 55(a). Second, following an entry of default by the

clerk, the party entitled to a judgment by default shall apply to the clerk or the court under Rule 55(b), depending on the nature of the relief requested. *Meyers*, 581 Fed. Appx. at 708 & n.3. The court cannot enter default judgment under Rule 55(b)(2) because no entry of default has been requested or entered under Rule 55(a). *See id*. at 710-11.

What Judge O'Hara clearly contemplated was the filing of a motion for default judgment as a sanction under Rule 16(f). Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure permit a court to enter a default judgment when a party disobeys a court order. *See Derma Pen, LLC v. 4EverYoung Limited*, 736 Fed. Appx. 741, 745 (10th Cir. 2018). Because a default judgment, like dismissal, "represents an extreme sanction," it is "appropriate only in cases of willful misconduct." *See id*. (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)). Before imposing a default judgment as a sanction, "a court should ordinarily consider a number of factors," including: (1) "the degree of actual prejudice to the defendant;" (2) "the amount of interference with the judicial process;" (3) "the culpability of the litigant;" (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;" and (5) "the efficacy of lesser sanctions." *See id*. at 745-46 (citing *Ehrenhaus*, 965 F.2d at 921). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal [or default judgment] an appropriate sanction." *Id*. (citations and quotations omitted).

Because the Secretary's motion was filed under Rule 55(b)(2), it contains no reference to the *Ehrenhaus* factors let alone any application of those factors to this case. But the record reflects that default judgment is not an appropriate sanction at this juncture. Defendants in this case have faced unusual obstacles that have prevented the efficient processing of the case—

3

including significant language barriers, a lengthy stay of this case pending criminal charges, and the incarceration of the individual defendant and owner of the corporate defendant.  But they have now retained counsel (and did so within one month of the order lifting the stay) and counsel indicates both an ability to process this case diligently and the willingness of his clients to assist in that regard.  Without question, the appropriate approach at this time is to have Judge O'Hara schedule a status conference to move this case forward on the merits.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for default judgment (doc. 64) is **denied.**

**IT IS SO ORDERED.**

Dated this 1st day of March, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
